IN RE DISQUALIFICATION OF RUEHLMAN.

THE STATE OF OHIO *v.* HAWTHORNE.

[Cite as *In re Disqualification of Ruehlman*
(1996), 77 Ohio St.3d 1261.]

(No. 96–AP–180—Decided November 21, 1996.)

MOYER, C.J.   Affiant, Thomas Hawthorne, has filed an affidavit seeking the disqualification of Judge Robert P. Ruehlman from further proceedings in the above-captioned case.

R.C. 2701.03, effective November 20, 1996, specifies that an affidavit of disqualification must contain the jurat of a notary public or another person authorized to administer oaths or affirmations, a certificate indicating that a copy of the affidavit has been served on the judge against whom the affidavit is filed and on all other parties or their counsel, and the date of the next scheduled hearing in the proceeding, or, if there is no hearing scheduled, a statement that there is no hearing scheduled.   As this affidavit contains neither a certificate of service indicating that the affidavit of disqualification was served on Judge Ruehlman, nor the date of the next scheduled hearing, nor a statement that no hearing is scheduled, the affidavit should not have been accepted for filing pursuant to R.C. 2701.03(C)(2).

Accordingly, the affidavit of disqualification is ordered stricken and is hereby dismissed.